IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SAMUEL WALTER CALDWELL                                                                    PLAINTIFF

v.                    Civil No. 6:24-CV-06051-SOH-MEF

DEPUTY DIRECTOR SYRNA BOWERS,
Omega Unit, Arkansas Division of Community Correction;
MEDICAL SERVICES MGR DANA HAYNES, Omega Unit;
RN KELLY AUNSPAUGH, Omega Unit;
TRANSPORT OFFICER LAMKINS, Omega Unit;
TRANSPORT OFFICER NAVA, Omega Unit; and
APRN STRICKLAND, Omega Unit                                                             DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Samuel Walter Caldwell, a prisoner, filed this civil rights matter generally alleging that he is not receiving proper medical attention in violation of his constitutional rights. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this action to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion to Compel. (ECF No. 12). This undersigned finds that no further response is necessary. This matter is, therefore, ripe for this Court's consideration; and, for the reasons outlined below, the undersigned recommends that Plaintiff's Motion to Compel (ECF No. 12) be **DENIED**.

### I.   BACKGROUND

Upon preliminary review of the original complaint pursuant to 28 U.S.C. § 1915A(a), and

1

after noting potential legal and factual deficiencies, this Court ordered Plaintiff to file an amended complaint. (ECF No. 6). On April 24, 2024, Plaintiff submitted an amended complaint. (ECF No. 9). Approximately two weeks later, on May 6, 2024, Plaintiff filed a motion to further amend his complaint. (ECF No. 13). That same day, he filed the present self-styled "Motion to Compel." (ECF No. 12). The Court granted Plaintiff's Motion to Amend the Amended Complaint in a separate order. (ECF No. 14). Plaintiff's second amended complaint is due by May 28, 2024, at which time it will be subject to preservice review pursuant to 28 U.S.C. § 1915A(a). This matter, therefore, is before the Court on Plaintiff's Motion to Compel. (ECF No. 12).

In his Motion, Plaintiff alleges that when he saw an orthopedic specialist on February 5, 2024, he was told that it was necessary to surgically remove infected hardware from his body and that he needed to continue his current antibiotics and to eat a "high protein diet." (ECF No. 12). Despite these directives, however, Plaintiff claims that he has been refused a proper diet and went weeks without receiving his antibiotics. *Id.* Plaintiff says that on the date of his Motion, April 30, 2024, he was told that there had been an oversight in scheduling and that his surgery would need to be rescheduled. *Id.* Given these circumstances, Plaintiff believes that the medical treatment he is currently receiving is inadequate. *Id.* He requests an order from the Court for a "fast track transfer to a facility capable of providing proper medical treatment." *Id.* Plaintiff signed the Motion before a notary public. *Id.*

## II.  LEGAL STANDARD

As the Court understands it, Plaintiff's "Motion to Compel" is not a motion to compel another party to comply with discovery pursuant to Fed. R. Civ. P. 37, but rather, it is a request for

2

this Court to intervene in the operation of the Arkansas state prison system by ordering him transferred to a different prison. Because the Defendants have not yet been served with this lawsuit and therefore have no notice of Plaintiff's claims, the Court construes Plaintiff's motion as a request for a temporary restraining order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Rule 65 of the Federal Rules of Civil Procedure allows federal courts to issue a TRO without first hearing from all the parties only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition *and* the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). In addition to the technical requirements of Rule 65(b)(1), in determining whether to grant a TRO, courts consider the following *Dataphase* factors: (1) the movant's probability or likelihood of success on the merits; (2) the threat of irreparable harm or injury to the movant absent the injunction; (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.[1]  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997).

While no single factor is dispositive, the United States Court of Appeals for the Eighth Circuit Court has held that "the two most critical factors for a district court to consider in

---

[1] "The standard for analyzing a temporary restraining order is the same as a motion for a preliminary injunction." *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (explaining the material difference between the two is the allowed duration of such an order).

determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). Further, a "mere possibility" irreparable harm will occur is insufficient. *Sessler v. City of Davenport, Iowa*, 990 F.3d 1150, 1156 (8th Cir. 2021). "A movant must show he is *likely* to suffer irreparable harm in the absence of preliminary relief" to establish the need for injunctive relief. *Id*. (emphasis added). The burden of proof for a preliminary injunction rests on the movant. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id*. (internal quotations omitted).

### III.    DISCUSSION

Applying the *Dataphase* factors here, Plaintiff's request for an order directing his transfer fails. First, because Plaintiff is a prisoner, this matter is subject to preservice review pursuant 28 U.S.C. § 1915A(a) to determine whether the complaint—or any portion of it—contains claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. This Court has not yet completed its preservice screening obligation pursuant to 28 U.S.C. § 1915A(a), because Plaintiff has requested (and received) permission to further amend the Amended Complaint. (ECF No. 14). Thus, at this early stage of the proceedings, it is premature to determine whether Plaintiff has established any plausible claims for relief, let alone to consider the likelihood that Plaintiff will prevail on the merits of those claims.

Second, Plaintiff asserts that because his surgery was rescheduled, infected hardware

remains in his leg, and he remains at risk of infection or loss of limb. (ECF No. 12). Plaintiff's assertion, however, is unsupported by any medical records, medical opinion, or other competent evidence. Put differently, while Plaintiff has asserted under penalty of perjury that he continues to be at risk for "chronic infection and loss of limb," Plaintiff has failed to present any evidence to indicate that these risks are anything more than the *possible* consequences of a delay in obtaining the surgery. *See S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 778 (8th Cir. 2012) ("To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that here is a clear and present need for equitable relief.") (quoting *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (internal quotation omitted)). Thus, Plaintiff has failed to establish that irreparable harm is *likely* in the absence of a TRO.

Third, in considering the third and fourth *Dataphase* factors—the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and whether the issuance of an injunction is in the public interest—this Court is mindful that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Further, "the administration of prisons is not within the province of the courts except in the very rare case where there is undisputed evidence demonstrating that an inmate is subject to an 'unusually high risk of physical danger.'" *Thomas v. Kelley*, Case No. 6:19-CV-06108, 2020 WL 4760166 at *2 (W.D. Ark. July 30, 2020) (quoting *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983), *report and recommendation adopted by* 2020 WL 4760153 (W.D. Ark. Aug. 17, 2020). Here, Plaintiff has failed to assert sufficient facts to suggest that this is one of those rare cases warranting federal

court intervention into the operation of the state prison system. As noted above, while Plaintiff has certainly articulated the potential risks of harm to him if he does not have the surgery, he has not presented any evidence suggesting that these risks are likely to occur. Accordingly, all four *Dataphase* factors weigh against a TRO. Plaintiff's Motion directing the prison to transfer him to a different facility should, therefore, be denied.

### IV.   CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion to Compel (ECF No. 12) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: CASE REMAINS REFERRED.**

DATED this 14th day of May 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE