IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SAMUEL WALTER CALDWELL                                                                          PLAINTIFF

v.                      Civil No. 6:24-CV-06051-SOH-MEF

DEPUTY DIRECTOR SYRNA BOWERS,
Omega Unit, Arkansas Division of Community Correction;
MEDICAL SERVICES MGR DANA HAYNES, Omega Unit;
RN KELLY AUNSPAUGH, Omega Unit;
TRANSPORT OFFICER LAMKINS, Omega Unit;
TRANSPORT OFFICER NAVA, Omega Unit; and
APRN STRICKLAND, Omega Unit                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Samuel Walter Caldwell, a prisoner, filed this civil rights matter generally alleging that he is not receiving proper medical attention in violation of his constitutional rights. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this action to the undersigned for the purpose of making a Report and Recommendation on Plaintiff's two pending Motions for a Temporary Restraining Order. (ECF Nos. 21, 27). The Defendants have filed no response. This matter is, therefore, ripe for this Court's consideration. For the reasons outlined below, the undersigned recommends that the motions be **DENIED as MOOT**.

### I.   BACKGROUND

Plaintiff previously filed a Motion to Compel requesting an order directing the Arkansas state prison system to transfer him to a prison more capable of addressing his medical needs. (ECF No. 12). Because Plaintiff's motion was not requesting another party to comply with

discovery pursuant to Fed. R. Civ. P. 37, this Court construed the motion as a Motion for a Temporary Restraining Order ("TRO") pursuant to Fed. R. Civ. P. 65. (ECF No. 15). After analyzing Plaintiff's motion using the four *Dataphase* factors, this Court recommended that the motion be denied, concluding that Plaintiff, among other things, failed to assert any evidence suggesting that he would suffer *irreparable* harm if an injunction were not granted. *Id.* Undeterred, Plaintiff has brought two more motions for a temporary restraining order. (ECF Nos. 21, 27).

Plaintiff's first Motion for a TRO asserts three grounds for relief. First, Plaintiff contends that prison officials at the Omega Unit failed to schedule and provide transportation for his surgery from February 5, 2024, to April 8, 2024. (ECF No. 21). Plaintiff claims that his surgery was scheduled for June, but he is not confident that the prison will make the necessary arrangements so that his surgery will proceed as currently scheduled. Plaintiff asserts that even though APRN Josh Garner changed his "dressing orders" on April 15, 2024, to twice daily, prison officials have failed to change his morning dressings on April 16, 25, 27, and 28, 2024, and on May 5, 7, 11, 16, 21, and 23, 2024. Plaintiff also says that prison officials failed to change his afternoon dressing on May 17, 2024. Plaintiff claims that when Nurse Kirkindaugh changed his afternoon dressings on May 11, 2024, and May 19, 2024, she expressed concerns that his surgery had been delayed and that he was at risk of developing osteomyelitis if the infected hardware was not promptly removed.

Second, Plaintiff says that he continues to be denied the diet his doctor recommended. Finally, Plaintiff contends that while he has been receiving antibiotics and Tylenol as prescribed since April 15, 2024, from February 5, 2024, to April 15, 2024, he did not consistently receive his

2

prescribed medication and at one point he went two weeks without receiving his medication.

In Plaintiff's second Motion for TRO/Separation from Staff, Plaintiff says that the defendants identified in this action have failed to remove themselves from his medical care team and continue to make treatment decisions even though they are not competent to make those decisions. (ECF No. 27). Plaintiff requests an order prohibiting the defendants from being involved in his medical care and treatment. *Id.*

In a recent filing, Plaintiff has advised the Court that he was transported for surgery on June 10, 2024. According to that filing, moreover, on June 12, 2024, Plaintiff was transferred to the Ouachita River Correctional Unit ("ORCU").

## II.  LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs requests for injunctive relief. In determining whether to grant a temporary restraining order ("TRO"), courts consider the following *Dataphase* factors: (1) the movant's probability or likelihood of success on the merits; (2) the threat of irreparable harm or injury to the movant absent the injunction; (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.[1]  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997).

As previously explained, moreover, while no single factor is dispositive, the United States Court of Appeals for the Eighth Circuit Court has held that "the two most critical factors for a

---

[1] "The standard for analyzing a temporary restraining order is the same as a motion for a preliminary injunction." *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (explaining the material difference between the two is the allowed duration of such an order).

3

district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976). Further, the "mere possibility" that irreparable harm will occur is insufficient. *Sessler v. City of Davenport, Iowa*, 990 F.3d 1150, 1156 (8th Cir. 2021). "A movant must show he is *likely* to suffer irreparable harm in the absence of preliminary relief" to establish the need for injunctive relief. *Id*. (emphasis added). The burden of proof for a preliminary injunction rests on the movant. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id*. (internal quotations omitted).

### III. DISCUSSION

The *Dataphase* factors notwithstanding, "[a] claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

In this case, when Plaintiff filed his Motion for Temporary Restraining Order ("TRO") (ECF No. 21), and his second Motion for TRO/Separation from Staff (ECF No. 27), he was incarcerated at the Omega Unit. He has since been transferred to the ORCU. (ECF No. 44). In both motions, moreover, Plaintiff asserted that staff at the Omega Unit are not capable of addressing his medical conditions. (ECF Nos. 21, 27). Upon his transfer to the OCRU,

therefore, Plaintiff is no longer subject to those conditions. In addition, Plaintiff does not assert any facts suggesting that a transfer back to the Omega Unit is imminent or even anticipated. Because Plaintiff is no longer subject to the conditions that gave rise to his requests for injunctive relief, those requests are now moot. *See Williams v. Moore*, 966 F.2d 1459 (Table), 1992 WL 120398, at *1 (8th Cir. June 5, 1992) (per curiam) (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claims for injunctive relief were moot because prisoner was transferred to a different facility and no longer subject to those conditions)).

### IV.  CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Temporary Restraining Order (ECF No. 21), and his Motion for TRO/Separation from Staff (ECF No. 27), be **DENIED as MOOT**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: CASE REMAINS REFERRED.**

DATED this 30th day of July 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE