IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SAMUEL WALTER CALDWELL                                                                        PLAINTIFF

v.                        Civil No. 6:24-CV-06051-SOH-MEF

DEPUTY DIRECTOR SYRNA BOWERS,
Omega Unit, Arkansas Division of Community Correction;
MEDICAL SERVICES MGR DANA HAYNES, Omega Unit;
RN KELLY AUNSPAUGH, Omega Unit;
TRANSPORT OFFICER LAMKINS, Omega Unit;
TRANSPORT OFFICER NAVA, Omega Unit;
APRN STRICKLAND, Omega Unit; and WELLPATH,                                               DEFENDANTS

## ORDER

Plaintiff, Samuel Walter Caldwell, a prisoner, has filed the above-captioned civil rights action generally claiming that the medical care he received while in custody at the Omega Unit violated his constitutional rights. (ECF No. 17). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). This action is before the Court on Plaintiff's self-styled Motion for Relief for Judgment (ECF No. 49) and his self-styled Motion for Summary Judgment (ECF No. 53).[1] Defendants Bowers, Lamkins, and Nava (the "ADC Defendants") have filed responses to both motions. (ECF Nos. 51, 56). Defendants Haynes, Aunspaugh, Strickland, and Wellpath (the "Medical Defendants") have not filed responses and the deadline for doing so has passed, but no further response is necessary.

For the reasons outlined below, Plaintiff's Motion for Relief for Judgment (ECF No. 49) and his Motion for Summary Judgment (ECF No. 53) are **DENIED**.

---

[1] The ADC Defendants have filed a Motion to Dismiss. (ECF No. 40).

1

**Motion for Relief from Judgment (ECF No. 49)**

Plaintiff's self-styled Motion for Relief from Judgment claims that Sgt. Stephens, who is not a party to this action, assured him prior to being transported to the hospital for surgery that his legal paperwork would be returned to him. (ECF No. 49). According to Plaintiff, despite these assurances, his legal paperwork has not been returned to him, and, without it, he cannot properly prosecute this action. *Id.* Plaintiff requests "a judgment in his favor" or for the Court to provide "a fair way for [him] to proceed without said documents." *Id.* In response, the ADC Defendants assert that the Warden at the Omega Unit located Plaintiff's documents and that the documents, namely, a Bible and legal work in three envelopes, were being returned to him. (ECF No. 51). The ADC Defendants request that Plaintiff's motion be denied on the grounds that he is not entitled to any relief. *Id.* The Court agrees.

First, Plaintiff asserts no basis for relief. He argues that since his legal paperwork has not been returned to him, he cannot prosecute this action, and so he requests a judgment in his favor, but he cites to no rule or law that would entitle him to such relief. The Federal Rules of Civil Procedure contemplate default judgment against the disobedient party in a situation where a party fails to comply with a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi). But discovery has not even commenced in this case. It cannot be said, therefore, that the ADC Defendants or Medical Defendants have failed to comply with a discovery order.

Second, the ADC Defendants assert that his paperwork has since been returned to him. In his Motion for Summary Judgment (ECF No. 53), Plaintiff says that while some of his paperwork was returned to him, his paperwork was in a plastic trash bag, no longer organized as he had left it, and was missing some information he had compiled. *Id.* But Plaintiff asserts no facts

indicating how the missing paperwork has prejudiced his case. To the extent Plaintiff claims that he did not have his paperwork with him when he was directed to respond to the ADC Defendants' Motion to Dismiss (ECF No. 48), Plaintiff did not (and has not) requested an extension of time to respond to that motion now that, at least some, of his paperwork has been returned to him. Accordingly, Plaintiff's Motion for Relief from Judgment (ECF No. 49) is hereby **DENIED**.

### Motion for Summary Judgment (ECF No. 53)

Plaintiff has also filed a self-styled Motion for Summary Judgment (ECF No. 53) – his second. In this Motion, Plaintiff says that the ADC Defendants returned some, but not all, of his legal paperwork and that the legal paperwork that was returned to him was not organized in the same fashion he had left it. *Id.* As the Court understands it, Plaintiff requests relief in his favor because he does not believe that he can adequately prosecute his case without all his legal paperwork, including his notes, organized the way he had it. *Id.* The ADC Defendants contend that his legal paperwork was returned to him and that his motion fails to address the merits of his lawsuit and fails to comply with the Local Rules. (ECF No. 56). The Court agrees.

Plaintiff previously submitted a self-styled "Motion for Summary Judgment," in which he requested relief in his favor because his legal paperwork had been lost when he was transported for surgery. (ECF No. 44). This Court denied that motion for failure to comply with Federal Rules of Civil Procedure and this District's Local Rules. (ECF No. 47). There is no basis for this Court to rule otherwise with respect to Plaintiff's second Motion for Summary Judgment.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each *claim or defense*—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). Further, "the

court shall grant summary judgment if the movant shows that *there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law*." *Id.* (emphasis added).

Here, Plaintiff does not request summary judgment on the merits of his claims; instead, he requests judgment in his favor because his once-missing legal paperwork has been returned to him, but not in the same order he had left it. This is not a basis for summary judgment. Further, Local Rule 56.01 of the United District Court for the Eastern and Western Districts of Arkansas requires, among other things, that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of material facts as to which it contends there is no genuine dispute to be tried." Local R. 56.1(a). Plaintiff's self-styled Motion for Summary Judgment does not include any such statement. Accordingly, in addition to failing to comply with the Federal Rules of Civil Procedure, Plaintiff's Motion for Summary Judgment fails to comply with the Local Rules. While *pro se* pleadings are to be liberally construed, a *pro se* litigant, such as Plaintiff, is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Plaintiff's Motion for Summary Judgment (ECF No. 53) is **DENIED**.

That said, the Court recognizes that Plaintiff claims that he did not have his legal paperwork with him when he responded to ADC Defendants' Motion to Dismiss. (ECF No. 48). Since that time, at least some of Plaintiff's legal paperwork has been returned to him and he has had the time to organize it and replicate any personal notes that he may have lost. **<u>Accordingly, Plaintiff may file a supplement to his response to the ADC Defendants' Motion to Dismiss by Tuesday, October 29, 2024, failing which this Court will consider the ADC Defendants' Motion to Dismiss on the record currently before it.</u>**

4

The Clerk is **DIRECTED** to send Plaintiff a copy of this District's "Section 1983 Prisoner Litigation Guide."

**IT IS SO ORDERED.**

This 8th day of October 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE