IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SAMUEL WALTER CALDWELL                                                                 PLAINTIFF

v.                          Civil No. 6:24-CV-06051-SOH-MEF

DEPUTY DIRECTOR SYRNA BOWERS,
Omega Unit, Arkansas Division of Community Correction;
MEDICAL SERVICES MGR DANA HAYNES, Omega Unit;
RN KELLY AUNSPAUGH, Omega Unit;
TRANSPORT OFFICER LAMKINS, Omega Unit;
TRANSPORT OFFICER NAVA, Omega Unit; and
APRN STRICKLAND, Omega Unit                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff, Samuel Walter Caldwell, a prisoner, has filed the above-captioned civil rights action generally claiming that he received constitutionally deficient medical care while in the custody of the Arkansas Division of Corrections ("ADC") at the Omega Unit ("ADC-Omega").[1] (ECF No. 17). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this action to the undersigned for the purpose of making a Report and Recommendation on the Motion to Dismiss filed by Defendants, Deputy Director Syrna Bowers, Transport Officer Lamkins, and Transport Officer Nava (the "ADC Defendants"). (ECF No. 40). Plaintiff filed a response. (ECF Nos. 48, 58). The ADC Defendants subsequently filed a supplement to their Motion to Dismiss. (ECF No. 78). Because no further response or reply is

---

[1] Plaintiff has remained in the custody of the ADC throughout these proceedings. He is currently an inmate of the Cummins Unit ("ADC-Cummins") in Grady, Arkansas. (ECF No. 50).

1

necessary, this matter is, therefore, now ripe for the Court's consideration. For the reasons described below, it is RECOMMENDED that the ADC Defendants' Motion to Dismiss (ECF No. 40), as supplemented (ECF No. 78), be **GRANTED**. The claims against the ADC Defendants should, therefore, be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND[2]

Plaintiff's Second Amended Complaint ("SAC") asserts three claims for relief relating to the medical care he received for a bone infection in his leg while incarcerated at ADC-Omega Unit.[3] (ECF No. 17). First, Plaintiff says that he was examined by an outside physician, Dr. Stombaugh, on February 5, 2024, in preparation for surgery on his bone infection. Plaintiff says that Dr. Stombaugh recommended that he receive a high protein diet and take antibiotics while waiting for the surgery to prevent the spread of the infection and to facilitate healing after the surgery. Because Plaintiff anticipated that the medical professionals at the ADC would not follow Dr. Stombaugh's recommendations, he asked Transport Officers Lamkins and Nava to write them down, but they refused to do so. When he returned to the ADC, Defendants APRN Strickland and RN Aunspaugh declined to follow Dr. Stombaugh's recommendations and would not confirm those recommendations with Transport Officers Lamkins and Nava. Plaintiff identifies Medical Defendants APRN Strickland and Aunspaugh, and ADC Defendants Lamkins and Nava as defendants to this claim in their individual and official capacities. (ECF No. 17 at 4-6).

Second, Plaintiff says that he did not receive his prescribed antibiotics, or the high protein

---

[2] This section only describes the docket entries relevant to the Court's consideration of the pending Motion to Dismiss.
[3] This Court previously denied Plaintiff's subsequent motions to further amend the SAC (ECF No. 60, 71). (ECF No. 76). The SAC, therefore, remains the operative pleading in this case.

2

diet as recommended, and while he submitted multiple grievances about these issues, the grievances were deemed "without merit" without reaching the substance of his concerns. He says that he requested the antibiotics be made available at the "PM pill call" or "OPM," but that request was denied. Plaintiff identifies ADC Defendant Deputy Director Syrna Bowers and Medical Defendant Medical Services Manager Dana Haynes as defendants in their individual and official capacities. (ECF No. 17 at 6-9). Finally, with respect to claim three, Plaintiff says that he was not transported for his surgery on April 8, 2024, due to a scheduling "oversight," even though ADC officials knew about the surgery for almost two months, providing them with ample opportunity to arrange and coordinate his transport for the surgery. Plaintiff also says that starting April 15, 2024, dressing changes were to be increased to twice per day, but medical providers failed to provide AM dressings on April 16, April 25, April 27, April 28, May 5, May 7, and May 11. Plaintiff says that he saw a new nurse on May 11, 2024, who expressed concern that his surgery had been delayed. Plaintiff identifies Medical Defendants APRN Strickland, Dana Haynes, and Kelly Aunspaugh, and ADC Defendant Syrna Bowers as defendants to this claim in their official and personal capacities.[4]  (*Id.* at 9-12).

The ADC Defendants responded to Plaintiff's lawsuit by filing a Motion to Dismiss.

---

[4] The Motion to Dismiss does not concern the claims against the Medical Defendants (Medical Services Manager Dana Haynes, RN Kelly Aunspaugh, and APRN Strickland). (ECF No. 40). Notably, however, following the bankruptcy proceedings of Wellpath, LLC, and consistent with the Bankruptcy Court's order confirming the company's Plan of Reorganization, *see In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025) (ECF No. 2596), this Court recommended that Plaintiff's claims against Wellpath, LLC, and the claims against the individual Medical Defendants in their official capacities be dismissed. (ECF No. 75). Judge Hickey approved those recommendations without objection. (ECF No. 79). Wellpath, LLC has, therefore, been terminated as a defendant to this action and the official capacity claims against the individual Medical Defendants have been dismissed without prejudice.

3

(ECF No. 40). The ADC Defendants assert three arguments in support of their Motion to Dismiss: (1) they are entitled to sovereign immunity in their official capacities; (2) plaintiff has failed to state a claim upon which relief may be granted; and (3) they are entitled to qualified immunity for claims brought against them in their individual capacities. (ECF No. 41). In his first Response, Plaintiff says that he cannot properly respond to the ADC Defendants' Motion to Dismiss because his legal paperwork was not returned to him after he was transported to a different ADC Unit following his surgery. (ECF No. 48). He asks the Court to deny the ADC Defendants' Motion to Dismiss, and to grant summary judgment in his favor. *Id.* After the ADC Defendants indicated that they had located and returned to him most of his legal paperwork, this Court granted Plaintiff an extension of time to supplement his original response. (ECF No. 57). Plaintiff subsequently filed an additional response, agreeing that Defendants Lamkins and Nava should be dismissed from this action, but also arguing that the ADC Defendants' Motion to Dismiss with respect to Defendant Bowers should be denied because she is at the top of the grievance procedure and could have resolved his concerns. (ECF No. 58).

Before this Court had an opportunity to consider ADC Defendants' Motion to Dismiss, the Medical Defendants filed a Suggestion of Bankruptcy and Notice of Stay indicating that Wellpath, LLC, had filed for bankruptcy relief in the Southern District of Texas and that the Bankruptcy Court had entered an order staying all lawsuits in which Wellpath, LLC is named as a defendant, including any claims against non-Debtor defendants. (ECF No. 63). Consistent with the Bankruptcy Court's order, this Court entered an order staying and administratively terminating this case pending resolution of Wellpath's bankruptcy proceedings. (ECF No. 64).

Approximately five months later, Wellpath, LCC, filed a status report with the Court

4

explaining that the Bankruptcy Court had confirmed the company's Plan of Reorganization, *see In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025) (ECF No. 2596). (ECF No. 64). Following this notice, this Court reopened these proceedings and first addressed the status of Plaintiff's claims against the Medical Defendants given the details contained in the Plan of Reorganization. (ECF Nos. 66-70, 73-75, & 79). After determining that the claims against the individual Medical Defendants in their individual capacities shall proceed (ECF No. 75 & 79), the Court turned to the ADC Defendants' Motion to Dismiss and provided them with the opportunity to supplement their Motion to Dismiss given the time that had elapsed since they filed their original motion. (ECF No. 77). The ADC Defendants filed a supplement, reiterating their position that the Plaintiff has failed to state a claim for relief against the ADC Defendants and pointing out that Plaintiff does not object to dismissal of the claims against Transport Officers Lamkins and Nava. (ECF No. 78). Because the supplement does not articulate any new arguments, the Court did not request any further response from Plaintiff, concluding that none was warranted or appropriate. The Court turns now to the substance of the ADC Defendants' Motion to Dismiss.

## LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## ANALYSIS

The ADC Defendants request dismissal of the claims against them on several grounds: (1) sovereign immunity precludes Plaintiff's claims against the ADC Defendants in their official capacities for money damages; (2) Plaintiff has failed to assert a plausible claim for relief against the ADC Defendants; and (3) the ADC Defendants are entitled to qualified immunity for the claims brought against them in their individual capacities.  (ECF Nos. 40, 41).  Because the Court agrees that Plaintiff has failed to state a plausible claim for relief against the ADC Defendants, the ADC Defendants' Motion to Dismiss should be granted on that basis.  The undersigned, therefore, does not consider the ADC Defendants' alternate bases for dismissal.

Plaintiff claims that the Defendants failed to provide him with constitutionally adequate medical care.  The Court views this claim as being brought under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law."  *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).  "Prison officials or their agents violate the eighth amendment if they commit 'acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs."  *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Deliberate indifference includes both a subjective and objective component: "The [plaintiff] must demonstrate (1) that he suffered from objectively

6

serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Further, to show deliberate indifference, "[t]he prisoner must show more than negligence, more than even gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Id.* (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

### A. ADC Defendants Lamkins and Nava

Plaintiff identifies ADC Defendants Lamkins and Nava as defendants only as to Claim One. (ECF No. 17). Plaintiff asserts that ADC Defendants Lamkins and Nava accompanied him to a medical appointment with Dr. Stombaugh, overheard Dr. Stombaugh's treatment recommendations, but failed to write them down upon his request and did not relay this information to the ADC medical providers. (*Id.* at 4-6). The ADC Defendants contend that Plaintiff has failed to assert a plausible constitutional violation against Lamkins and Nava. (ECF No. 41). Indeed, in his supplemental response, Plaintiff appears to agree, and rightly so. (ECF No. 58).

Assuming, without deciding, that Plaintiff suffered from an objectively serious medical condition—namely, a bone infection requiring antibiotics and a high protein diet—and that Defendants Lamkins and Nava were aware of that condition because they accompanied him to a medical appointment with an outside medical provider to address that condition, Plaintiff has asserted no facts establishing that they were deliberately indifferent to his condition. Indeed, Plaintiff does not allege that Defendants Lamkins and Nava were aware that Plaintiff was not being provided with either antibiotics or a high protein diet, contrary to Dr. Stombaugh's treatment recommendations. Rather, it appears that Defendant Lamkins and Nava were merely responsible

7

for transporting Plaintiff to his medical appointment with Dr. Stombaugh—and there are no facts suggesting that Defendants Lamkins and Nava had *any* involvement in his medical care when Plaintiff returned to the Omega Unit. *See Iqbal*, 556 U.S. at 676 (to establish a plausible § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent that Plaintiff faults the *Medical Defendants* for failing to confirm Dr. Stombaugh's treatment recommendations with Defendants Lamkins and Nava, such an allegation does not implicate what *Defendants Lamkins and Nava* purportedly did (or failed to do) in violation of Plaintiff's constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Further, while Plaintiff contends that Defendants Lamkins and Nava did not memorialize Dr. Stombaugh's treatment recommendations in writing or provide that information, unsolicited, to the ADC medical providers, he does not assert any facts describing how this purported failure implicates a *constitutional* right. Put differently, Plaintiff does not describe how Defendants Lamkins and Nava violated a constitutional right in refusing to write down Dr. Stombaugh's treatment recommendations or communicating those treatment recommendations to ADC medical providers when they were not otherwise responsible for his medical care. The undersigned, therefore, agrees with the ADC Defendants and finds that Plaintiff has failed to assert a plausible claim that Defendants Lamkins and Nava violated his constitutional rights. His § 1983 claims against Defendants Lamkins and Nava should, therefore, be dismissed.[5]

---

[5] Plaintiff concedes that Defendants Lamkins and Nava should be dismissed from this action because they were not personally involved in his medical care at the Omega Unit. (ECF No. 58). He asks, however, that they provide him with statements concerning what they witnessed and

### B.     Defendant Deputy Director Syrna Bowers

This leaves ADC Defendant Deputy Director Syrna Bowers. In the SAC, Plaintiff identifies Bowers as a defendant as to Claim Two, which alleges that his grievances were found to be without merit and that his request to receive his antibiotics at "PM pill call" or "OPM" was denied, and Claim Three, which asserts that he was not initially transported for surgery as scheduled and that medical professionals did not change his dressings, as ordered. (ECF No. 17). These claims against Defendant Bowers fail as a matter of law as explained below.

First, Plaintiff argues in his unsworn response to the ADC Defendants' Motion to Dismiss that Defendant Bowers discussed Dr. Stombaugh's prescriptions for antibiotics and a high protein diet in a phone call with ADC medical providers. (ECF No. 58). In considering a motion to dismiss, however, the court "accepts as true all of the factual allegations contained in the *complaint*, and reviews the *complaint* to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Because this unsworn allegation is found outside the pleadings, it is not presumed to be true or considered in the Court's analysis of the ADC Defendants' Motion to Dismiss. Setting this allegation aside, Plaintiff asserts no facts in the SAC establishing a plausible inference that Defendant Bowers *herself* was personally involved in any aspect of Plaintiff's medical treatment, including decisions related to when he

---

heard during his February 5, 2024, medical appointment with Dr. Stombaugh. *Id.* Plaintiff claims these statements are essential to his case and that their original statements were lost (along with some other legal paperwork) when he was transferred to a different unit. *Id.* Discovery, however, has not yet commenced in this action. Plaintiff's request is, therefore, not ripe. To the extent that Plaintiff intends to renew this request during discovery, he is cautioned that he should first endeavor to obtain the requested information on his own without court intervention.

received his antibiotics or when medical professionals changed his leg dressings. (ECF No. 17). Further, to the extent Plaintiff endeavors to attach liability against Defendant Bowers given her role as a supervisor, vicarious liability, that is, the legal theory that a supervisor is responsible for the torts of her subordinates, does not apply to § 1983 actions. *Iqbal*, 556 U.S. at 676 ("[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Rather, "a supervising officer can be held liable for an inferior officer's constitutional violation 'only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)). Here, Plaintiff alleges *no* facts in the SAC establishing that Defendant Bowers was either personally involved in his medical care or that she was responsible for training or supervising the Medical Defendants. (ECF No. 17). Accordingly, Plaintiff has failed to assert a plausible § 1983 claim against Defendant Bowers for failure to provide him with constitutionally adequate medical care. This claim should, therefore, be dismissed, as well.

Finally, recognizing that pro se pleadings are to be liberally construed, this Court considers whether Plaintiff has asserted a plausible claim against Defendant Bowers for failing to address his grievances (Claim Two). Established case law compels this Court to answer that question in the negative. Indeed, "no constitutional right [is] violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations do not create liberty interest in access to that procedure). Plaintiff, therefore, has similarly failed to assert a plausible § 1983 claim against Defendant Bowers for her

purported failure to adequately address his grievances. Because Plaintiff asserts no other § 1983 claims against Defendants Bowers, Lamkins, and Nava, the undersigned must recommend that the ADC Defendants' Motion to Dismiss be **GRANTED**, and that they be **TERMINATED** as Defendants in this action.

## CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that: (1) the ADC Defendants' Motion to Dismiss (ECF No. 40), as supplemented (ECF No. 78), be **GRANTED**; and (2) that Defendants Deputy Director Syrna Bowers, Transport Officer Lamkins, and Transport Officer Nava be **TERMINATED** as Defendants in this action.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: Remains referred.**

DATED this 24th day of October 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

11